UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| DANIEL WILLIAMS, and <br> EDWARD WILLIAMS, <br><br> Plaintiffs, <br><br> -vs- <br><br> BEEMILLER, INC. d/b/a HI-POINT, <br> CHARLES BROWN, <br> MKS SUPPLY, INC., <br> INTERNATIONAL GUN-A-RAMA, <br> KIMBERLY UPSHAW, <br> JAMES NIGEL BOSTIC, <br> CORNELL CALDWELL, and <br> JOHN DOE TRAFFICKERS 1-10, <br><br> Defendants. | No. <br><br> NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. § 1446(a)(1), defendants Beemiller, Inc. d/b/a Hi-Point Firearms s/h/a Beemiller, Inc. d/b/a Hi-Point ("Beemiller") and Charles Brown hereby remove this case from the Supreme Court of the State of New York, Erie County, to the United States District Court for the Western District of New York. In support of the grounds for removal, defendants state as follows:

1.  This is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states as between plaintiffs and all properly joined defendants. Defendants are accordingly entitled to remove this case pursuant to 28 U.S.C. § 1441(a) & (b).

2.  On or about July 28, 2005, plaintiffs commenced an action in the Supreme Court of the State of New York, Erie County, captioned *Williams v. Beemiller, Inc.*, No. 12005-007056. Attached hereto as Exhibit 1 and incorporated herein by reference is a copy of the plaintiffs' Summons and Complaint.

3. On or about October 17, 2005, plaintiffs filed a First Amended Complaint. Attached hereto as Exhibit 2 and incorporated herein by reference is a copy of the plaintiffs' First Amended Complaint.

4. A copy of the plaintiffs' Summons and Complaint and First Amended Complaint was served on defendant Beemiller on October 31, 2005 and on defendant Charles Brown on November 14, 2005. Upon information and belief MKS Supply, Inc. ("MKS") was served on November 2, 2005 and defendant International Gun-A-Rama ("Gun-A-Rama") was served on November 18, 2005. Defendants MKS and Gun-A-Rama consent to the removal of this case.

5. Upon information and belief, and based upon a review of the Erie County Clerk's Office's file maintained on this matter on November 22, 2005, no other defendants have yet been served.

6. Upon information and belief, at the time of the commencement of this action and at all times thereafter, plaintiffs Daniel Williams and Edward Williams have been and are citizens of New York.

7. At the time of the commencement of this action and at all times thereafter defendant Beemiller has been and is an Ohio corporation with its principal place of business in Ohio.

8. At the time of the commencement of this action and at all times thereafter defendant Charles Brown has been and is a citizen of Ohio.

9. At the time of the commencement of this action and at all times thereafter defendant MKS has been and is a Florida corporation with its principal place of business in Ohio.

10. Upon information and belief, at the time of the commencement of this action and at all times thereafter, defendant Gun-A-Rama has been and is a Kentucky corporation with its principal place of business in Kentucky.

11.     Upon information and belief, at the time of the commencement of this action and at all times thereafter, defendant Kimberly Upshaw has been and is a citizen of Ohio.

12.     Upon information and belief, at the time of the commencement of this action and at all times thereafter, defendant James Nigel Bostic has been and is a citizen of Nevada.

13.     Although plaintiffs allege that "Defendant James Nigel Bostic was at all times relevant a resident of Buffalo, New York," First. Am. Compl. ¶ 34, this appears to be an untrue statement artfully drafted to prevent defendants' right to remove this case. Mr. Bostic is presently incarcerated at the U.S. Penitentiary in Lewisburg, Pennsylvania serving a sentence imposed on him by the Honorable William M. Skretny. Mr. Bostic, represented by Paul Gordon Dell, pled guilty before Judge Skretny on October 1, 2003 to Counts II, III and IV of a five count indictment dated July 23, 2002 charging him with numerous violations of federal firearms laws. During the course of Mr. Bostic' plea allocution, the following exchanges occurred, which are relevant to Mr. Bostic's citizenship for purposes of diversity jurisdiction:

THE COURT: All right. Before coming here today, you lived out in Las Vegas, right?

THE DEFENDANT: Yes.

THE COURT: And you were out there for how long?

THE DEFENDANT: Two years.

THE COURT: Two years.

THE DEFENDANT: Yes, sir.

\*          \*          \*          \*

THE COURT: Okay. Count IV on page 7 of that same indictment refers to the same period of time. It makes reference to you specifically. This is subparagraph (c) on page 2, and it,

in essence, relates to Title 18 Section 922(a)(5) in which you are charged with unlawfully transferring firearms to individuals who were residing in a state other than that in which you were residing, and the transfer in the count itself talks about selling, giving, delivering, and it makes reference to your place of residence as the state of New York, and then makes reference to, not a specific state, but some other state other than New York, which, really, in effect involves interstate territory in violation of federal law, Sections 922(a)(5) and 924(a)(1)(D). Do you understand this charge?

MR. DELL: Your Honor, if I could --

THE COURT: Yeah.

MR. DELL: -- at the time, Mr. Bostic was residing in Ohio and the people that he was dealing with were residents of New York.

THE COURT: The individuals, yes. Reads, and said persons then residing in the state of New York --

MR. DELL: Right. Mr. Bostic was residing in Ohio.

THE COURT: Okay. You understand that, Mr. Bostic?

THE DEFENDANT: Yes.

*          *          *          *

MR. DELL: That's correct, your Honor. I'd like to emphasize the probation report from Tina Moore dated September 25 indicates that Mr. Bostic was fully compliant with his conditions of release. I would also note that Mr. Bostic got on a plane Sunday night in Las Vegas with full knowledge that U.S. Marshals were waiting for him in the Buffalo airport to arrest him, and he did get on that plane and come to Buffalo. If he was going to abscond,

that's exactly when he would have absconded. He is employed in Las Vegas. He does have two children, and there are a number of loose ends that he wants to take care of before he is incarcerated. Based on that, your Honor, I'm asking that the initial conditions of his release be reinstated.

Tr. of Oct. 1, 2003 Hearing Before Judge Skretny in *U.S. v. Bostic*, 02-CR-135(S), at 6/25-7/7, 16/1-17/8, 35/18-36/8, attached hereto as Exhibit 3.

14. For purposes of diversity jurisdiction, the citizenship of the parties is determined at the time the case is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). Pursuant to New York law, a person who is incarcerated is considered to be a citizen of the state in which he resided prior to being incarcerated. *Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004); *Fermin v. Moriarty*, No. 96 Civ. 3022(MBM), 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003); *Gagliardi v. Ward*, 967 F. Supp. 67, 69 (N.D.N.Y. 1997). Based on the above, at the time of the commencement of this action and at all times thereafter defendant James Nigel Bostic has been and is a citizen of Nevada.

15. John Doe Traffickers 1-10 are fictitious defendants whose citizenship may be disregarded for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).

16. Accordingly, there is complete diversity of citizenship between plaintiffs Daniel Williams and Edward Williams and defendants Beemiller, Charles Brown, MKS, Gun-A-Rama, Kimberly Upshaw and James Nigel Bostic.

17. Although defendant Cornell Caldwell is, upon information and belief, a citizen of New York he is a fraudulently joined party whose existence must be disregarded for purposes of determining diversity as substantiated by the grounds set forth below. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206-208 (2d Cir. 2001); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2d Cir. 1998). Therefore, the fact that plaintiffs and defendant Cornell Caldwell are both citizens of New York does not defeat diversity jurisdiction or preclude removal.

18. Plaintiffs allege that defendant Cornell Caldwell intentionally shot plaintiff Daniel Williams on August 16, 2003, mistakenly believing that he was a member of a rival gang. First Am. Compl. ¶¶ 1, 3, 41, 46, 52 and 53.

19. Accordingly, the one year statute of limitations for intentional torts, C.P.L.R. § 215(3), expired before plaintiffs commenced this action.

20. In an apparent attempt to circumvent the expiration of the applicable statute of limitations, plaintiffs have pled a negligence per se cause of action against defendant Cornell Caldwell alleging that (1) he "was a convicted felon who was legally prohibited from purchasing or possessing handguns" and (2) he "violated federal state and local statutes, regulations, and ordinances by engaging in illegal gun trafficking and illegally buying or trading the Hi-Point handgun." First Am. Compl. ¶¶ 227-228.

21. Plaintiffs cannot avoid the expiration of the statute of limitations applicable to intentional torts by attempting to replead their claims in negligence. *Rutzinger v. Lewis*, 754 N.Y.S.2d 735, 736 (App. Div. 3d Dep't 2003); *Schetzen v. Robotsis*, 709 N.Y.S.2d 193, 194 (App. Div. 2d Dep't 2000); *Wrase v. Bosco*, 706 N.Y.S.2d 434, 435 (App. Div. 2d Dep't 2000).

22. Based on the above, plaintiffs cannot establish a cause of action against defendant Cornell Caldwell and there is no reasonable possibility that a state court could rule in favor of plaintiffs on their claim against him. Therefore, the joinder of Cornell Caldwell as a defendant is fraudulent and his citizenship can be disregarded for purposes of diversity jurisdiction.

23. Upon information and belief, the amount of controversy with respect to plaintiffs' claims exceeds $75,000, exclusive of interests and costs. Plaintiffs allege in their First Amended Complaint that plaintiff Daniel Williams was shot in the abdomen, requiring twenty-two staples and months to recover. First Am. Compl. ¶¶ 46, 49, 50. Plaintiffs also allege that the amount of damages sought exceeds the jurisdictional limits of all lower New York State courts ($25,000) and request both compensatory and punitive damages. Id. ¶ 215.

24. By reason of the amount in controversy and the complete diversity of citizenship between the plaintiffs and the properly joined defendants, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

25. Accordingly, this action is removable from the Supreme Court of the State of New York, Erie County, to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

26. None of the properly joined defendants are citizens of New York. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(b).

27. This notice of removal is being filed pursuant to Rule 11 of the Federal Rules of Civil Procedure within thirty days after service of the first served defendant and this case is therefore removable pursuant to 28 U.S.C. § 1446(a) & (b).

28. Defendants Beemiller and Charles Brown have given written notice of the filing of this Notice of Removal to counsel for the plaintiffs and have filed a copy of this Notice of Removal

with the Clerk of the Supreme Court of the State of New York, Erie County. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 4.

Based on the above, defendants Beemiller and Charles Brown hereby remove the action captioned *Williams v. Beemiller, Inc.*, No. 12005-007056, from the Supreme Court for the State of New York, Erie County, to this Court.

Dated: New York, New York
November 22, 2005

Respectfully submitted

By: *s/ Scott C. Allan*
John F. Renzulli
Scott C. Allan
**RENZULLI LAW FIRM, LLP**
300 East 42nd Street, 17th
New York, NY 10017-5947
Telephone: (212) 599-5533
Facsimile: (212) 599-6385

Attorneys for Defendant Beemiller, Inc. d/b/a Hi-Point Firearms

- and -

Thomas J. Drury
**DAMON & MOREY LLP**
1000 Cathedral Place, 298 Main Street
Buffalo, NY 14202-4096
Telephone: (716) 856-5500
Facsimile: (716) 856-5510

Scott L. Braum (*pro hac vice* to be submitted)
**SCOTT L. BRAUM & ASSOCIATES, LTD.**
3131 South Dixie Drive, Suite 400
Dayton, OH 45439
Telephone: (937) 396-0089
Facsimile: (937) 396-1046

Attorneys for Defendant Charles Brown