**MANDATE**

FILE 05-CV-836
Foschio
Skretny

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

U.S. DISTRICT C
W.D.N.Y. - BUFF.

## JUDGMENT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand eight,

Before:    Hon. Chester J. Straub,
           Hon. Reena Raggi,
                   *Circuit Judges,*
           Hon. Sidney H. Stein,
                   *District Judge.* *

Docket No. 06-4958-cv

FILED MAY 28 2008

DANIEL WILLIAMS and EDWARD WILLIAMS,

   *Plaintiffs-Appellees,*

- v.-

BEEMILLER, INC., doing business as Hi-Point, CHARLES BROWN, MKS SUPPLY, INC., and INTERNATIONAL GUN-A-RAMA,

   *Defendants-Appellants,*

KIMBERLY UPSHAW, JAMES NIGEL BOSTIC,
CORNELL CALDWELL, and JOHN DOE TRAFFICKERS 1-10,

   *Defendants.*

Appeal from the United States District Court for the Western District of New York.

This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel.

ON CONSIDERATION THEREOF, it is hereby ORDERED, ADJUDGED and DECREED that the order of said district court be and hereby is VACATED and REMANDED in accordance with the opinion of this Court.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
    DEPUTY CLERK

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk
by _____
Judy Pisnanont,
Motions Staff Attorney

* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

Issued as Mandate: JUN 18 2008

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: April 30, 2008            Decided: May 28, 2008)

Docket No. 06-4958-cv

DANIEL WILLIAMS and EDWARD WILLIAMS,

*Plaintiffs-Appellees,*

—v.—

BEEMILLER, INC., doing business as Hi-Point, CHARLES BROWN, MKS SUPPLY, INC., and INTERNATIONAL GUN-A-RAMA,

*Defendants-Appellants,*

KIMBERLY UPSHAW, JAMES NIGEL BOSTIC, CORNELL CALDWELL, and JOHN DOE TRAFFICKERS 1–10,

*Defendants.*

Before:

STRAUB and RAGGI, *Circuit Judges,*
and STEIN, *District Judge.*[*]

---

[*] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

1963

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), entered September 26, 2006, overruling Defendants-Appellants' objections to the June 29, 2006 Order by Magistrate Judge Leslie G. Foschio that granted Plaintiffs-Appellees' motion to remand. We conclude that we have jurisdiction to review this order because the Magistrate Judge lacked the requisite authority to enter it, and the District Court erroneously reviewed the order under a "clearly erroneous or contrary to law" standard applicable only to non-dispositive matters.

Vacated and remanded.

---

JAMES W. GRABLE, JR. (Vincent E. Doyle III, Connors & Vilardo, LLP, Buffalo, New York; Jonathan E. Lowy, Elizabeth S. Haile, Brady Center to Prevent Gun Violence, Legal Action Project, Washington, D.C., *on the brief*), Connors & Vilardo, LLP, Buffalo, New York, *for Plaintiffs-Appellees*.

SCOTT C. ALLAN (John F. Renzulli, *on the brief*), Renzulli Law Firm LLP, White Plains, New York, *for Defendant-Appellant Beemiller, Inc. d/b/a Hi-Point Firearms*.

Scott L. Braum (Timothy R. Rudd, Scott L. Braum & Associates, Ltd., Dayton, Ohio; Thomas J. Drury, Hedwig M. Auletta, Damon & Morey, LLP, Buffalo, New York, *on the brief*), Scott L. Braum & Associates, Ltd., Dayton, Ohio, *for Defendant-Appellant Brown*.

1964

>  Jeffrey M. Malsch (Anthony P. Pisciotti, *on the brief*), Pisciotti, Malsch & Buckley, P.C., White Plains, New York, *for Defendant-Appellant MKS Supply, Inc.*
>
>  James J. Duggan (Troy S. Flascher, *on the brief*), Lustig & Brown, LLP, Buffalo, New York, *for Defendant-Appellant International Gun-A-Rama, Inc.*

---

STRAUB, *Circuit Judge*:

Defendants-Appellants Beemiller, Inc., doing business as Hi-Point Firearms ("Beemiller"), Charles Brown ("Brown"), MKS Supply, Inc. ("MKS"), and International Gun-A-Rama ("Gun-A-Rama"), appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), entered September 26, 2006, denying Defendants-Appellants' objections to the June 29, 2006 order by Magistrate Judge Leslie G. Foschio granting plaintiffs' motion to remand the case to New York State Supreme Court. This appeal raises the issues of whether we have jurisdiction to review a magistrate judge's order remanding a case to state court and whether a magistrate judge's authority to hear and determine pretrial matters under the Federal Magistrates Act includes the power to decide a motion to remand a case to state court. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) & Advisory Committee Notes, 1983 Addition (noting that Rule 72(a) addressing district court-ordered referrals of non-dispositive matters under § 636(b)(1)(A)). For the reasons set forth below, we conclude that it does not. Accordingly, we vacate the District Court's order and

remand the case to the District Court for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a drive-by shooting that occurred on August 16, 2003. While playing basketball in his neighborhood, Plaintiff-Appellee Daniel Williams was shot and injured by Defendant Cornell Caldwell. The police soon apprehended Caldwell, who eventually pleaded guilty to attempted assault in the first degree in Erie County Court in the State of New York. On July 28, 2005, Daniel Williams and his father commenced this action in New York State Supreme Court for the County of Erie. Plaintiffs alleged that Beemiller, MKS, and Gun-A-Rama had negligently sold or distributed the firearm used by Caldwell to shoot Williams and thus contributed to his injuries.

Claiming diversity jurisdiction and relying upon 28 U.S.C. § 1441(a)–(b), Beemiller and Brown removed the case to federal court on November 23, 2005. Shortly thereafter, written consents to removal were filed on behalf of MKS and Gun-A-Rama. Written consents were never filed on behalf of the remaining defendants. Citing defendants' failure to obtain the requisite consent to removal from all defendants, Plaintiffs moved for remand of the action to state court and for the award of costs and expenses, pursuant to 28 U.S.C. § 1447(c).

On January 4, 2006, the District Court referred all nondispositive pretrial matters to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). On June 29, 2006, the Magistrate Judge entered a decision and order granting Plaintiffs' motion for remand and determining that the

1966

Plaintiffs were entitled to an award of costs. In doing so, the Magistrate Judge concluded that "a motion for remand [is] not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims." However, the Magistrate Judge also acknowledged contrary authority on the issue and invited the District Court to treat the decision and order as a report and recommendation, if the District Court deemed it appropriate. On July 14, 2006, Defendants-Appellants timely submitted objections to the Magistrate Judge's order. In relevant part, Defendants-Appellants argued that the District Court should review the order *de novo* as a report and recommendation on a dispositive motion.

On September 26, 2006, the District Court entered an order denying Defendants-Appellants' objections. Upon finding that a motion for remand is considered non-dispositive, the District Court reviewed the decision and order of the Magistrate Judge and concluded that it was neither "clearly erroneous [nor] contrary to law" under Federal Rule of Civil Procedure 72(a).

On October 26, 2006, Defendants-Appellants timely filed a notice of appeal with this Court. On January 23, 2007, Plaintiffs-Appellees moved, *inter alia*, to dismiss the appeal pursuant to 28 U.S.C. § 1447(d), which prohibits appellate review of an order remanding a case to state court. On April 12, 2007, a panel of this Court denied the motion and directed the parties to further brief the following issues: "1) whether, under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, a motion to remand a case to state court is a dispositive matter upon which a magistrate judge is unauthorized to rule without *de novo* review by the

1967

district court; 2) whether 28 U.S.C. § 1447(d) bars an appeal of a district court's order reviewing a magistrate judge's remand order under a clear-error-and-contrary-to-law standard of review; and 3) whether resolution of either of these two questions is dependent on resolution of the other."[1] We now consider these issues.

## DISCUSSION

### I. Jurisdiction to Review Remand Order

Before turning to the merits of Defendants-Appellants' appeal, we must determine whether we have jurisdiction to hear this case. A subsection of the remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). However, the Supreme Court has held that "[s]ection 1447(d) is not dispositive of the reviewability of remand orders in and of itself. That section and § 1447(c) must be construed together." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996). Section 1447(c) provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that

---

[1] The panel also granted the motion to dismiss the appeal as it pertained to the District Court's award of attorneys' fees, relying, in part, on the concession by Defendants-Appellants that such an award was not a final order immediately appealable under 28 U.S.C. § 1291.

> the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). In interpreting these two provisions together, the Supreme Court concluded that "only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)." *Thermtron*, 423 U.S. at 346; *see also Powerex Corp v. Reliant Energy Servs., Inc.*, __ U.S. __, 127 S. Ct. 2411, 2415–16 (2007) (noting that § 1447(d) has been amended twice since *Thermtron* and assuming that the amendments are "immaterial to *Thermtron*'s gloss on § 1447(d)"). Thus, § 1447(d) bars appellate review of a § 1447(c) remand order only if "a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995).

In contrast, if a remand order is based on non-§ 1447(c) grounds, § 1447(d) poses no bar to our review. *See Quackenbush*, 517 U.S. at 712–15 (concluding that appellate jurisdiction, in such circumstances, exists under 28 U.S.C. § 1291). We have applied this rule to allow our review of remand orders where the plaintiff did not challenge the subject matter jurisdiction of the district court and did not timely raise a defect in the removal procedure. *See, e.g., Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312–13 (2d Cir. 2005) (finding jurisdiction to review district court's remand order that was based on an untimely challenge under 28 U.S.C. § 1441(b), which is a non-jurisdictional rule that prohibits removal to a forum in which a defendant is a citizen); *Carvel v. Thomas & Agnes Carvel Found.*, 188 F.3d 83, 85–86 (2d Cir. 1999) (finding

1969

jurisdiction to review district court's remand order that was based on a "prudential doctrine of abstention" not grounded in subject matter jurisdiction and where there was "no assertion of a procedural defect").

We have not previously decided whether a magistrate judge's order remanding a case to state court for lack of subject matter jurisdiction should be deemed a remand order properly grounded in § 1447(c). Two of our sister circuits have concluded that such an order is not grounded in § 1447(c) and thus § 1447(d) does not bar appellate review. *See Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517–19 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). In *U.S. Healthcare*, the Third Circuit held that "an order of a magistrate judge that could not [have been] issued pursuant to section 1447(c) because of the magistrate judge's lack of authority to issue it . . . is not insulated from review by section 1447(d)." 159 F.3d at 146. The Sixth Circuit agreed with the Third Circuit's approach. *See Vogel*, 258 F.3d at 519.

In the analogous situation of a district court that has arguably exceeded its authority in remanding a case to state court, other circuits have concluded that § 1447(d) does not bar appellate review. In *Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 848–49 (7th Cir. 2004), the Seventh Circuit held that § 1447(d) did not bar its review of a remand order issued by a district court arguably outside its authority due to contradictory orders from the Judicial Panel on Multidistrict Litigation. In doing so, the Seventh Circuit distinguished between the situation of a district court "exceed[ing] its statutory authority by the very issuance of a remand order" and its "merely issuing a flawed remand order" on the merits. *Id.* at 850. While acknowledging the lack of jurisdiction to

review a remand order in the latter situation, the court concluded that it had "jurisdiction to review [the district] court's exercise of authority and vacate the ineffective order" in the former situation. *Id.* Similarly, in *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028 (5th Cir. 1998), the Fifth Circuit held that § 1447(d) did not bar it from reviewing the limited question of whether the district court lacked authority to enter the remand order because she was disqualified from handling the case under the federal recusal statute. In doing so, the court concluded that it had jurisdiction because "vacatur of the remand order would . . . not constitute a review of the merits of that order . . . . Rather, [such action is] an essentially ministerial task of vacating an order that the district court had no authority to enter for reasons unrelated to the order of remand itself." *Id.*

We find the reasoning of our sister circuits persuasive. This appeal does not challenge the merits of the remand order itself. Instead, Defendants-Appellants merely argue that the District Court failed to apply the correct standard of review when considering their objections to the Magistrate Judge's order remanding the case to state court. As a result, this appeal requires us only to determine the scope of authority of a magistrate judge in this context. Because this question does not require review of the merits of the remand order, we conclude that we have jurisdiction over this appeal.

Having concluded that we have jurisdiction to consider the issue raised by this appeal, we now turn to the question of whether a magistrate judge has the authority to remand a previously removed case to state court.

## II. *Authority of a Magistrate Judge to Order Remand*

Defendants-Appellants argue that the District Court erred in failing to consider the Magistrate Judge's remand order as a report and recommendation and, thus, in failing to review the order *de novo*. In advancing this argument, Defendants-Appellants contend that a remand order cannot reasonably be considered a mere "pretrial matter" within the meaning of 28 U.S.C. § 636(b)(1)(A) or a "nondispositive matter" under Federal Rule of Civil Procedure because such an order effectively terminates all proceedings in federal court. Section 636(b)(1)(A) provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). In addition, Federal Rule of Civil Procedure 72(a) requires a district court to consider a party's timely objections to a magistrate judge's order deciding a "pretrial matter not dispositive of a party's claim or defense" and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

1972

We review *de novo* questions of statutory interpretation, *see Puello v. Bureau of Citizenship and Immigration*, 511 F.3d 324, 327 (2d Cir. 2007), as well as a district court's interpretation of the Federal Rules of Civil Procedure, *see Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006), *cert. denied*, 127 S. Ct. 1331 (2007). Given the possible constitutional implications of delegating Article III judges' duties to magistrate judges, *see Gomez v. United States*, 490 U.S. 858, 863-64 (1989), we have generally "avoided constitutional issues in this area by construing the Federal Magistrates Act narrowly 'in light of its structure and purpose,'" *In re United States*, 10 F.3d 931, 934 n.4 (2d Cir. 1993) (quoting *Gomez*, 490 U.S. at 864), *cert. denied*, 513 U.S. 812 (1994). Where, as here, a party argues that a district court erroneously treated a matter referred to a magistrate judge as "not dispositive" and thus failed to review *de novo* the decision by a magistrate judge in that matter, our sister circuits have analyzed the practical effect of the challenged action on the instant litigation. *See, e.g., Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5-6 (1st Cir. 1999) (stating, in dicta, that a magistrate judge's imposition of discovery sanctions should be considered dispositive where such sanctions "fully dispose[ ] of a claim or defense" and thus fall within the "same genre as the enumerated motions" of § 636(b)(1)(A)); *Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995) (holding that the denial of an application for attorney's fees should be considered dispositive for purposes of § 636(b)(1)(A) and reviewed *de novo* by the district court). In reaching these conclusions, these courts considered the dispositive orders listed explicitly in § 636(b)(1)(A) to be non-exhaustive. *See, e.g., Phinney*, 199 F.3d at 5-6 (concluding that "the terms dispositive and nondispositive as used in Rule 72 must be

1973

construed in harmony with the classification limned in section 636(b)(1)" and rejecting the proposition that "dispositive motions are those excepted motions specifically enumerated in section 636(b)(1)(A) . . . and no others"); *see also Gomez*, 490 U.S. at 873-74 (concluding that jury selection in a felony trial is dispositive for purposes of § 636(b)(1)(B), despite its absence from that provision, because it is "more akin to those precisely defined, 'dispositive' matters" enumerated therein than the "'nondispositive,' pretrial matter[s] governed by § 636(b)(1)(A)"). We agree that the list is non-exhaustive.

The question of whether a magistrate judge may order a case remanded to state court under § 1447(c) is one of first impression in this Circuit. All three of our sister circuits that have considered the matter have concluded that such orders are dispositive because they are "functionally equivalent" to an order of dismissal for the purposes of § 636(b)(1)(A) and Rule 72(a). See *Vogel*, 258 F.3d at 514–17; *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); *U.S. Healthcare*, 159 F.3d at 145–46. In *U.S. Healthcare*, the Third Circuit stated that "a remand order is dispositive insofar as proceedings in the federal court are concerned" and is thus "the functional equivalent of an order of dismissal" for the purpose of § 636(b)(1)(A). 159 F.3d at 145. The Third Circuit elaborated that:

> An order of remand simply cannot be characterized as nondispositive as it preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute . . . .
>
> [I]t is helpful to consider a situation in which a plaintiff files parallel federal and state actions

seeking relief for the same alleged loss. We do not think that anyone would argue seriously that a magistrate judge, without consent of the parties, could hear and determine a motion to dismiss the federal action, predicated on an absence of subject matter jurisdiction, on the theory that the motion is nondispositive because a parallel action is pending in the state court. Yet in a practical sense an order of remand predicated on a lack of subject matter jurisdiction is no less dispositive than an order of dismissal in the circumstances we describe as both orders have the same effect by permitting the case to proceed in the state rather than the federal court. In sum, we believe that even if it could do so, Congress never intended to vest the power in a non-Article III judge to determine the fundamental question of whether a case could proceed in a federal court.

*Id.* at 145–46 (footnote omitted). The Sixth and Tenth Circuits agreed with the reasoning of the Third Circuit. *See Vogel*, 258 F.3d at 517 (concluding that "a remand order is the functional equivalent of an order to dismiss" and thus is "dispositive . . . and can only be entered by district courts"); *First Union Mortgage Corp.*, 229 F.3d at 996 (concluding that "[s]ection 636 and Rule 72 must be read, where possible, so as to avoid constitutional problems" and holding that remand order is "a final decision or dispositive motion that must ultimately be made by the district court in order to survive Article III scrutiny"). We now join them.

Because a § 1447(c) remand order "determine[s] the fundamental question of whether a case could proceed in a federal court," *U.S. Healthcare*, 159 F.3d at 146, it is

indistinguishable from a motion to dismiss the action from federal court based on a lack of subject matter jurisdiction for the purpose of § 636(b)(1)(A). A motion to remand is not a "pretrial matter" under § 636(b)(1)(A), and a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72. The Defendants-Appellants here are entitled to the District Court's *de novo* review of the Magistrate Judge's report and recommendation regarding Plaintiffs-Appellants' motion to remand.

## CONCLUSION

For the foregoing reasons, we VACATE the order of the District Court overruling the Defendants-Appellants' objections and REMAND the case for proceedings consistent with this opinion. We express no view as to the merits of Plaintiffs-Appellants' motion to remand under § 1447(c).