UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL WILLIAMS, and
EDWARD WILLIAMS,

                      Plaintiffs,

     v.

BEEMILLER, INC. d/b/a HI-POINT,
CHARLES BROWN,
MKS SUPPLY, INC.,
INTERNATIONAL GUN-A-RAMA,
KIMBERLY UPSHAW,
JAMES NIGEL BOSTIC,
CORNELL CALDWELL, and
JOHN DOE TRAFFICKERS 1-10,

                      Defendants.

**REPORT
and
RECOMMENDATION**

**05-CV-836S(F)**

---

APPEARANCES:      BRADY CENTER TO PREVENT GUN VIOLENCE
                             LEGAL ACTION PROJECT
                             Attorneys for Plaintiffs
                             ELIZABETH S. HAILE, and
                             JONATHAN ELIAS LOWY, of Counsel
                             1225 Eye Street NW
                             Suite 1100
                             Washington, District of Columbia 20005

                             CONNORS & VILARDO, LLP
                             Attorneys for Plaintiffs
                             TERRENCE M. CONNORS, of Counsel
                             1000 Liberty Building
                             424 Main Street
                             Buffalo, New York 14202

                             RENZULLI, PISCIOTTI & RENSULLI, LLP
                             Attorneys for Defendant Beemiller, Inc.
                             JOHN F. RENZULLI, and
                             SCOTT CHARLES ALLAN, of Counsel
                             300 East 42nd Street
                             New York, New York 10017-5947

DAMON & MOREY LLP
Attorneys for Defendants Brown and MKS Supply, Inc.
JOHN P. FORD, and
THOMAS J. DRURY, of Counsel
298 Main Street
1000 Cathedral Place
Buffalo, New York 14202

SCOTT L. BRAUM & ASSOCIATES, LTD
Attorneys for Defendant Brown
SCOTT L. BRAUM, and
TIMOTHY R. RUDD, of Counsel
3131 South Dixie Drive
Suite 400
Dayton, Ohio 45439

PISCIOTTI & MALSCH, PC
Attorneys for Defendant MKS Supply, Inc.
JEFFREY MARTIN MALSCH, of Counsel
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601

LUSTIG & BROWN LLP
Attorneys for Defendant International Gun-A-Rama
JAMES J. DUGGAN, of Counsel
Centrepoint Corporate Park
400 Essjay Drive, Suite 200
Bufffalo, New York 14221-8228

## JURISDICTION

This case was re-referred to the undersigned by Honorable William M. Skretny on September 8, 2008, for preparation of a Report and Recommendation on Plaintiff's Motion to Remand to State Court (Doc. No. 16), filed November 16, 2005.

## BACKGROUND and FACTS[1]

On August 16, 2003, Plaintiff Daniel Williams ("Plaintiff" or "Williams") was playing basketball in front of a neighbor's house, when he was shot by Defendant Cornell Caldwell ("Caldwell"). As a result of the shooting, Williams suffered severe injuries including a wound to his stomach that required 22 staples to close. To date, Williams has yet to fully recover from the injuries.

After shooting Williams, Caldwell fled the scene in a vehicle, but was apprehended within minutes and a Hi-Point 9mm semi-automatic pistol bearing serial number 502139 ("the Hi-Point pistol") was recovered from the floor of Caldwell's vehicle. Testing on the Hi-Point pistol performed by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") established the Hi-Point pistol was the firearm with which Williams was shot. In connection with the shooting, Caldwell pleaded guilty on January 30, 2004 to first degree assault, for which Caldwell is currently serving a term of incarceration at Green Correctional Facility in Coxsackie, New York.

Plaintiff Williams and his father, Edward Williams ("Edward Williams") (together, "Plaintiffs"), commenced this action on July 28, 2005, by filing a complaint ("the Complaint") in New York Supreme Court Erie County asserting five causes of action against Caldwell, as well as the Hi-Point pistol's manufacturer and distributor and the illegal firearm traffickers allegedly involved in placing the Hi-Point pistol in Caldwell's possession, seeking to hold Defendants liable for Williams's injuries. Williams asserts five causes of action, including negligent distribution and sale of a firearm, negligent

---

[1] Taken from the pleadings and motion papers filed in this action.

entrustment, negligence *per se*, public nuisance, and intentional statutory violations. Edward Williams, asserts a derivative claim for loss of Williams's affection, services and support, and also seeks to recover expenses associated with Williams's recovery of his injuries, including medical, hospital, psychological, rehabilitation, education and emotional needs.

Defendants to this action include Caldwell, Williams's assailant, as well as the organizations and individuals involved in the manufacture and chain of distribution of the Hi-Point pistol used in the shooting. Specifically, the Hi-Point pistol was manufactured by Defendant Beemiller, Inc. ("Beemiller"), an Ohio corporation with its principal place of business in Ohio, and initially distributed to Defendant MKS Supply, Inc. ("MKS"), a Florida corporation also with its principal place of business in Ohio. Defendant Charles Brown ("Brown"), an Ohio resident, is the president of MKS and, as a federal firearms licensee, is licensed and engages in the business of selling and distributing handguns. Defendant International Gun-A-Rama ("Gun-A-Rama"), a Kentucky corporation with its principal place of business in Kentucky, owns Bill Goodman's North American Gun & Knife Show which operates out of Hara Arena in Dayton, Ohio. Defendant James Nigel Bostic ("Bostic") is a resident of either New York or Nevada, and Defendant Kimberly Upshaw ("Upshaw") is a resident of Ohio.

Plaintiffs allege that Bostic, a convicted felon with an extensive criminal record who is forbidden under federal law from purchasing firearms, traveled from New York to Ohio and, with the cooperation of Upshaw, purchased handguns from Brown, including the Hi-Point pistol. According to Plaintiffs, the method by which the Hi-Point pistol was purchased, including that Bostic selected the Hi-Point pistol along with 86 other

4

handguns to be purchased from Brown, for which Bostic paid cash while Upshaw completed the paperwork with Brown indicating she was the purchaser of record, should have alerted Brown that Upshaw was operating as an illegal "straw person" acting on Bostic's behalf to acquire the firearms. Plaintiffs further claim that Hi-Point 9 mm semi-automatic pistols, including the pistol Caldwell used to shoot and injure Williams, have little sporting or collecting value, and are disproportionately used to commit violent crimes. As such, Plaintiffs allege Defendants, by failing to exercise reasonable care in the sale and distribution of such handguns, breached a duty to foreseeable victims including Williams.

On October 17, 2005, Plaintiffs filed in New York Supreme Court the First Amended Complaint ("the Amended Complaint").[2] Service of the Amended Complaint, pursuant to the New York Civil Practice Law and Rules was made on October 31, 2005 (Beemiller), November 2, 2005 (MKS and Bostic), November 4, 2005 (Caldwell), November 15, 2005 (Brown), November 18, 2005 (Gun-A-Rama), and November 22, 2005 (Upshaw).

On November 23, 2005, Defendants Beemiller and Brown ("Removing Defendants") removed the action to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) on the basis that the amount in controversy exceeds $ 75,000, that Bostic is a citizen of Nevada, and that Caldwell, although a New York citizen, has been fraudulently joined to defeat diversity jurisdiction. Notice of Removal (Doc. No. 1) ("Removal Notice"). On November 28, 2005, Defendants MKS and Gun-A-Rama filed

---

[2] A copy of the Amended Complaint is attached as Exhibit B to the Notice of Removal.

written consents to the removal (Docs. Nos. 6 (Gun-A-Rama), and 7 (MKS)).  As such, the Removing Defendants, MKS and Gun-A-Rama all agree with the removal, whereas Defendants Bostic, Upshaw and Caldwell ("the Non-removing Defendants") have not similarly indicated their agreement to the removal.

On December 23, 2005, Plaintiffs filed a motion (Doc. No. 16) seeking remand of the matter to New York Supreme Court, as well as the costs of the motion, including attorney fees ("Plaintiffs' Motion").  The motion is supported by the attached Affidavit of Terrence M. Connors, Esq. ("Connors Affidavit"), and Exhibits A through C ("Plaintiffs' Exh. __"), and a Memorandum of Law (Doc. No. 17) ("Plaintiffs' Memorandum").  On January 25, 2006, Removing Defendants filed the Affidavit of Scott C. Allan, Esq. in Support of the Removing Defendants' Opposition to the Plaintiffs' Motion to Remand (Doc. No. 26) ("Allan Affidavit"), and a Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (Doc. No. 27) ("Removing Defendants' Response").  In further support of remand, Plaintiffs filed, on January 31, 2006, the Reply Affidavit of Terrence M. Connors, Esq. (Doc. No. 29) ("Connors Reply Affidavit"), and a Reply Memorandum of Law (Doc. No. 30) ("Plaintiffs' Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' Motion should be GRANTED.

### DISCUSSION

**1.     Remand**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) ("§ 1441(a)") which states in pertinent part

> any civil action brought in a State court of which the district courts of the United

> States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, actions asserting only claims arising under federal law are removable regardless of a defendant's citizenship because 28 U.S.C. § 1331 grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." District courts also have original jurisdiction of civil actions where, as here, the amount in controversy exceeds $ 75,000 and is allegedly between citizens of different states. 28 U.S.C. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo, supra*, at 1047. Upon remanding a removed action to state court, the district court is permitted to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal under section 1446(a)." 28 U.S.C. § 1447(c).

In the instant case, as noted, the Removing Defendants removed this action from New York Supreme Court, Erie County, pursuant to 28 U.S.C. § 1441(b), asserting subject matter jurisdiction based on complete diversity of citizenship under 28 U.S.C. § 1331. Removal Notice ¶ 1. According to the Non-removing Defendants, there is diversity of citizenship because Bostic, although denominated in the Amended Complaint as a New York citizen is, in fact, a Nevada citizen, Removal Notice ¶¶ 13-14; Removing Defendants' Response at 8-9; and that Caldwell, although a New York

citizen, was improperly, *i.e.*, "fraudulently," joined to defeat diversity jurisdiction, Removal Notice ¶ 17; Removing Defendants' Response at 9-20. Plaintiffs do not address the issue of Bostic's citizenship for purposes of establishing diversity jurisdiction, but maintain that Defendant Caldwell was not fraudulently joined to defeat diversity jurisdiction. Plaintiffs' Memorandum at 6-10; Plaintiffs' Reply Memorandum at 7-9. In any event, it is undisputed that Bostic, Caldwell and Upshaw have neither consented to nor joined in the removal.

Although not expressly required by § 1441(a), it is well settled that all defendants must join in removal. *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900). *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("[r]emoval requires the consent of all of the defendants" (citing *Martin*, *supra*)); *Piacente v. State University of New York at Buffalo*, 362 F.Supp.2d 383, 384 n. 2 (W.D.N.Y. 2004) (noting the "rule of unanimity" requires all served defendants to consent to removal within the statutory 30-day period in which removal may be made). *See also* CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS, § 40 (1994) (all defendants, except for nominal defendants and unserved defendants, must join in removal). Further, the burden is on the Removing Defendants to establish that such Defendants were not required to obtain the Non-removing Defendants' consent to the removal.[3]

---

[3] Caselaw cited by Removing Defendants in support of their contention that it is not necessary to obtain consent from other named defendants to the removal in the absence of actual or constructive knowledge that the other named defendants have been served, Removing Defendants' Response at 4-5 (citing cases), is inapposite in light of the persuasive authority from other district courts within the Second Circuit cited herein. Moreover, insofar as Removing Defendants rely upon *Hoseclaw*, *supra*, in support of their argument, a plain reading of that case reveals that the court was merely observing that in *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F.Supp. 975 (D.N.J. 1949), the court found that where official records did not reveal that non-joining defendants had been served, it was not necessary for removing defendants to obtain the consent of such defendants to removal. *Hoseclaw*, *supra*, at *1-2 & notes 6 and 7 (citing

*Tate*, *supra*, at 226; *Barlett v. Hoseclaw*, 1995 WL 591140, *1 (W.D.N.Y. Sep't. 7, 1995) (burden is on removing defendants to show why non-removing defendants need not have joined in or consented to removal). *See Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (S.D.N.Y. 1998) (holding burden is on removing defendants to show all served defendants consent to removal). In the instant case, Plaintiffs argue in support of remand that the Non-removing Defendants were properly served with the Amended Complaint prior to the filing of the Notice of Removal and, as such, were required to consent to or join in the removal. Plaintiffs' Memorandum at 5; Plaintiffs' Reply Memorandum at 3-6. According to Plaintiffs, undisputed by Removing Defendants, service on each Defendant occurred as follows

| Defendant | Date Served |
| --- | --- |
| Beemiller | October 31, 2005 |
| MKS | November 2, 2005 |
| Bostic | November 2, 2005 |
| Caldwell | November 4, 2005[4] |
| Brown | November 15, 2005 |
| Gun-A-Rama | November 18, 2005 |
| Upshaw | November 22, 2005 |

---

*Driscoll*, *supra*, at 984-85). Because the facts in Hoselaw, *supra*, established that the official records revealed that affidavits of service on all non-joining defendants had been filed more than nine days prior to removal, the court did not discuss whether such notice was necessary before requiring the non-joining defendants' consent to the removal. *Hoseclaw*, *supra*, at * 2.

[4] Although Plaintiffs initially maintained that service of process was effected on Caldwell on November 4, 2005, Plaintiffs later clarify that Caldwell was actually served on November 16, 2005. *See* Discussion, *infra*, at 13.

Connors Affidavit ¶ 6.

As such, all Defendants were served prior to November 23, 2005 when Removing Defendants filed the Notice of Removal, and the failure of all Defendants to join in or consent to removal requires remanding the action. *Martin*, *supra*, at 248; *Piacente*, *supra*, at 384 n. 2.

Removing Defendants, however, argue that consent to removal was required only as to those Defendants for whom the Removing Defendants were on actual or constructive notice of service when the Notice of Removal was filed. According to the Removing Defendants, "based upon a review of the Erie County Clerk's Office's file maintains on this matter on November 22, 2005, no other defendants have yet been served." Removal Notice ¶ 5. As such, the Removing Defendants maintain that they did not have actual or constructive notice that the Non-removing Defendants had been properly served prior to filing the Removal Notice, and, according to Removing Defendants, were therefore not required to obtain Non-removing Defendants' consent to removal. Removing Defendants' Response at 4-8. This argument is also without merit.

In an action involving multiple defendants and sought to be removed upon diversity of citizenship, the relevant inquiry in determining whether removal was proper is not whether the defendants seeking to remove the action had actual or constructive notice of service of process on the other served defendants but, rather, whether the other defendants had in fact been served. *Tate v. Mercedes-Benz USA, Inc.*, 151 F.Supp.2d 222, 225 (N.D.N.Y. 2001) (holding removing defendants required to obtain non-removing defendants' consent to removal even though plaintiff failed to file affidavit of service on non-removing defendants before other defendants removed action to

federal court). *See cf*, *Barlett*, *supra*, at *1 ("it is well settled that a defendant who is not a resident of the state in which the action is pending and who has not been served need not join in the notice of removal"). Further, even if service on the other defendants in the removed action is technically defective, such defendants are notwithstanding required to consent to or join in the removal provided that despite the defective service, the non-consenting defendant received a copy of the pleadings. *Tate*, *supra*, at 225 n. 2 (citing *Mermelstein v. Maki*, 830 F.Supp. 180, 183 (S.D.N.Y. 1993). This result is consistent with the removal statute's provision that the 30-day period in which to remove commences upon the defendant's receipt of a copy of the pleadings "through service <u>or otherwise</u>." 28 U.S.C. § 1446(b) (underlining added).

Furthermore, copies of the returns of service for the Amended Complaint filed in the Erie County Clerk's Office establish that Return of Service was filed as to each Defendant as follows

| Defendant | Date Return of Service Filed |
|---|---|
| Beemiller | November 23, 2005 |
| Brown | November 23, 2005 |
| MKS | November 23, 2005 |
| Gun-A-Rama | November 30, 2005 |
| Upshaw | November 25, 2005 |
| Bostic | November 30, 2005 |
| Caldwell | November 23, 2005 |

Plaintiffs' Motion, Exh. C.

Removing Defendants, *i.e.*, Beemiller and Brown, maintain that they had neither

actual nor constructive notice that the Non-removing Defendants had been served with the Amended Complaint because no Return of Service had been filed as to such Defendants as of November 22, 2005, the day before the Notice of Removal was filed on November 23, 2005.  Such assertion fails to explain how the Removing Defendants received notice, whether actual or constructive, that MKS and Gun-A-Rama had been served given that Returns of Service were filed on November 23, 2005 as to MKS and on November 30, 2005 as to Gun-A-Rama.  Moreover, Returns of Service were filed, as with MKS and Gun-A-Rama, as to the Non-removing Defendants on November 23, 2005 (Caldwell), November 25, 2005 (Upshaw), and November 30, 2005 (Bostic).  Significantly, Removing Defendants are silent as to whether they ever, either before or after filing the Notice of Removal, attempted to obtain the Non-removing Defendants' consent to the removal.

Nor is there any merit to the Removing Defendants' assertion, Removing Defendants' Response at 7-8, that Defendant Caldwell was not properly served under New York Civil Practice Laws and Rules ("NY CPLR")[5] § 308(2) ("§ 308(2)"), thus negating his status as a Non-removing Defendant.  According to the Removing Defendants, service on Caldwell was defective insofar as it was attempted pursuant to § 308(2) by delivery to a person of suitable age and discretion because it was not completed by mailing a copy of the summons and Complaint and Amended Complaint to Caldwell as required by § 308(2).  Removing Defendants' Response at 7-8.  Plaintiffs do not dispute that their initial attempt to effect service on Caldwell on November 4,

---

[5] References to "NY CPLR" are to McKinney's 2001.

2005, pursuant to § 308(2) was not properly completed, but, point to the fact that on November 16, 2005, process server Charlene Lincoln personally delivered to Caldwell a copy of the summons, Complaint and Amended Complaint. Plaintiff's Reply at 4-5 (referencing Return of Service for Caldwell dated November 16, 2005 and filed in Erie County Clerk's Office on November 23, 2005, attached as Plaintiffs' Exh. A).[6] As such, service on Caldwell was properly effected pursuant to N.Y. CPLR § 308(1) (providing for service upon a natural person to be made "by delivering the summons within the state to the person to be served").

Removing Defendants further argue that Defendant Bostic was not served with the Amended Complaint. Removing Defendants' Response at 6-7. In support of this argument, the Removing Defendants rely on the fact that the Return of Service filed on November 30, 2005 indicates only that Bostic was served with the summons and Complaint, but does not mention the Amended Complaint. *Id*. at 7. Although Plaintiffs have not responded to this argument, it is also without merit.

In particular, a review of the Returns of Service filed in the Erie County Clerk's Office indicates that on November 15, 2005, Brown was served with the summons and Complaint, but does not mention the Amended Complaint. Plaintiffs' Motion Exh. C. Nevertheless, it is the Amended Complaint that Brown removed to this court on November 23, 2005, a step that could not have been taken by Brown absent service or receipt of a copy of the Amended Complaint. The only logical conclusion here is that

---

[6] Plaintiffs do not explain why, on November 23, 2005, despite filing a Return of Service establishing that Caldwell was served on November 16, 2005 pursuant to NY CPLR § 308(1), they also filed a Return of Service reflecting the initial, incomplete service attempted on Caldwell on November 4, 2005.

any failure to specify on the relevant Returns of Service that Bostic and Brown were each served with a copy of the Amended Complaint is nothing more than an oversight insufficient to defeat remand.

Because Removing Defendants have failed to satisfy the threshold requirement of obtaining the consent of all served Defendants to the removal, the action must be remanded to New York Supreme Court, Erie County.  Finally, insofar as remand of the action is recommended based on the failure of all Defendants to join in or consent to removal, the court does not reach the issues of Bostic's residency, and whether Caldwell was fraudulently joined to defeat diversity jurisdiction.  A finding that Caldwell was fraudulently joined, even if for the purpose of defeating diversity jurisdiction, thereby requiring Caldwell's dismissal from the action, and that Bostic is a citizen of Nevada and, thus, diverse, does not obviate the fact that neither Bostic nor Upshaw, both of whom are unquestionably diverse, has consented to the removal.  A finding of fraudulent joinder as to Caldwell thus would not defeat Plaintiffs' entitlement to remand.

**2.     Costs**

Plaintiffs rerquest an award of costs and reasonable attorney fees incurred in connection with Plaintiffs' Motion.  Plaintiffs' Memorandum at 10-11.  According to Plaintiffs, Removing Defendants abused the removal process because the Notice of Removal does not, on its face, comply with well-established law requiring the consent of each diverse defendant who has been served.  *Id.* at 11.  The Removing Defendants have not responded to Plaintiffs' request.

Upon granting a motion to remand, district courts have discretion to "require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs and fees pursuant to 28 U.S.C. § 1447(c) does not require a finding of bad faith by the removing party. *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992) (observing that when the removal statutes were amended in 1988, not only was no "bad faith" requirement added to the provision for awarding costs and attorneys' fees, but the former requirement that the case have been "removed improvidently" was also deleted). The Second Circuit has observed that a defendant may remove an action from state court *ex parte* simply by filing in district court a signed notice of removal, although

> [w]hile the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal, whereas awarding fees when denying a motion for remand does not.

*Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 109 (2d Cir.1999) (*dicta*).

Costs have been awarded where the basis asserted for removal is contrary to overwhelming authority. *See Wallace v. Wiedenbeck*, 985 F.Supp. 288, 291 (N.D.N.Y. 1998) (awarding costs and attorney fees incurred in connection with remand motion where defendant's counsel, who was experienced in federal court practice, asserted removal basis that was contrary to overwhelming authority on each of three stated grounds). In fact, costs have been awarded simply where the removing defendants have failed to establish any reasonable basis for removal and have, by attempting to

remove the case, delayed further action pending resolution of the remand motion. *Ecology & Environment, Inc. v. Automated Compliance Systems, Inc.*, 2001 WL 1117160, *6 (W.D.N.Y. Sep't. 4, 2001). See also *Thompson v. Williams*, 1998 WL 938778, *2-3 (E.D.N.Y. Nov. 20, 1998) (awarding costs incurred in connection with remand motion where defendant failed to investigate whether there were any facts supporting diversity as the asserted basis for removal). Significantly, costs, including attorney fees, have been awarded in a multi-defendant action based on the removing defendant's failure to obtain the consent of all served defendants to the removal. *Zanghi v. Laborers' International Union of North America*, 2000 WL 743986, *1 (W.D.N.Y. June 6, 2000) (awarding costs and attorney fees incurred in connection with remand motion based on removing defendant's failure to obtain consent to removal of other properly joined and served defendants "in light of the obviousness of the non-removability of the instant action").

In this case, the asserted ground for removal is contrary to applicable law and established authority. Further, Removing Defendants' argument in support of removal, *i.e.*, that when the Notice of Removal was filed on November 23, 2005, Removing Defendants were unaware that the Non-removing Defendants had been served relieved Removing Defendants of any duty to investigate whether the Non-removing had then been served, especially given that Returns of Service were filed as to Defendants MKS and Gun-A-Rama at the same time as the Returns of Service were filed as to the Non-removing Defendants, is properly characterized as spurious. As such, an award of costs, including attorneys' fees, is warranted and should be GRANTED.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion to remand (Doc. No. 16), and an award of attorneys' fees, should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 31, 2008
             Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
     LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    October 31, 2008
                Buffalo, New York