UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL WILLIAMS and EDWARD WILLIAMS,

                Plaintiffs,

      v.                                    **DECISION AND ORDER**

BEEMILLER, INC. d/b/a HI-POINT               05-CV-836S(F)
FIREARMS, et al.,

                Defendants.
_____

## I. INTRODUCTION

Plaintiffs commenced this action on or about July 28, 2005, in New York State Supreme Court, County of Erie, and filed a First Amended Complaint on or about October 17, 2005. Four of seven named Defendants removed the action to this Court, on November 23, 2005, based on diversity of citizenship. Thereafter, Plaintiffs successfully moved to remand the case, and for costs and attorney fees incurred in connection with their motion. Now before this Court is Plaintiffs' application for costs and attorneys fees. (Docket No. 32.)[1]

---

[1] In support of their application, Plaintiffs filed the Affidavit of Terrence M. Connors, Esq., sworn to July 14, 2006, with Exhibits A-C (Docket No. 32); the Supplemental Affidavit of Terrence M. Connors, Esq., sworn to October 23, 2006, with Exhibit A (Docket No. 43); the Affidavit of James W. Grable, Jr., Esq., sworn to July 9, 2009, with Exhibits 1-4 (Docket No. 65); and the Reply Affidavit of James W. Grable, Jr., Esq., sworn to August 22, 2009 (Docket No. 67).

Defendants oppose the fee request and have filed a Memorandum of Law (Docket No. 42); and an Amended Memorandum of Law (Docket No. 66).

1

## II.  BACKGROUND

By Decision and Order dated June 29, 2006, United States Magistrate Judge Leslie G. Foschio granted Plaintiffs' motion to remand, and their request for costs and attorney fees incurred in connection with the removal.  Defendants filed objections to the Decision arguing, *inter alia*, that a decision to remand is dispositive in nature and must be reviewed by the District Judge, *de novo*.  This Court disagreed and, on September 21, 2006, denied Defendants' objections and found Judge Foschio's determinations were neither clearly erroneous nor contrary to law.  Defendants successfully appealed the issue of whether a decision to remand is dispositive in nature, and the Second Circuit remanded the case to this Court for proceedings consistent with its opinion.

This Court then referred Plaintiffs' motion to remand to Magistrate Judge Foschio for a report and recommendation.  Judge Foschio recommended, on October 31, 2008, that the case be remanded to state court and that Plaintiffs be awarded costs and attorney fees.  On June 25, 2009, this Court adopted the Report and Recommendation in its entirety.  Thereafter, Plaintiffs supplemented their previously filed fee application, and now seek a total of $83,479.89 in attorney fees and disbursements in connection with the removal. (Docket No. 65, Exs. 1, 2 and 4.)

Defendants oppose the fee application on the grounds that: (1) Plaintiffs have not demonstrated that they incurred any fees as a result of removal; (2) fees and costs associated with the appeal on which Defendants prevailed are not recoverable; (3) the attorney hourly rates are unreasonable; (4) the time billed includes excessive, redundant or unnecessary hours; (5) the records in support of the application are inadequate or

2

impermissibly vague; and (6) Plaintiffs cannot seek reimbursement for computer research expenses as a matter of law.

## II.  DISCUSSION

**A.     Plaintiffs are Eligible to Receive Fees**

Fees and costs were awarded to Plaintiffs here under 28 U.S.C. § 1447(c), which provides, in pertinent part, that:

> An order remanding the case may require payment of just costs and any actual expenses, includin*g* attorney fees*,* incurred as a result of the removal.

(emphasis supplied.)

Defendants speculate that these Plaintiffs, as is the case with many personal injury plaintiffs, have a contingent fee arrangement with their counsel.  They urge that because Plaintiffs will not have incurred any "actual" attorney fees relative to removal under such an arrangement, an award of fees is nothing more than a windfall for counsel.  Defendants rely on a dissenting opinion from the Ninth Circuit in support of their contention that § 1447(c) does not contemplate fee awards to attorneys working on a contingent fee basis. Gotro v. R & B Realty Group, 69 F.3d 1485, 1489-90 (9th Cir. 1995).  However, the Gotro majority thoroughly examined the text and legislative history of § 1447(c), and concluded that district courts have discretion to award § 1447 fees to contingency fee litigants.  *Id.* at 1487-88.

While our Circuit appears not to have addressed this issue, at least one other has. In Garbie v. DaimlerChrysler Corp., the Seventh Circuit agreed, at least implicitly, with the holding in Gotro.  211 F.3d 407, 411 (7th Cir. 2000) (treating class action attorneys' time,

3

for which they almost certainly had not been paid, as "actual expense" under 1447(c)). Subsequent district court decisions from that circuit are in accord. *See, e.g.*, Simenz v. Amerihome Mortgage Co., LLC, 544 F. Supp. 2d 743, 746 (E.D. Wis. 2008) (finding "actual expenses" were "incurred" by contingent fee attorneys who "forwent other paying work and paid costs out of pocket" to contest removal); Keesling v. Richman, 02-CV-1392, 2003 U.S. Dist. LEXIS 6756, at * (S.D. Ind. Apr. 18, 2003) (awarding § 1447 costs and fees in contingency case). I find the reasoning of these cases persuasive and reject Defendants' contention that, assuming Plaintiffs' attorneys are working on a contingency basis, they are not entitled to fees and costs.

When calculating "actual expenses" under § 1447(c), courts consistently have considered the "reasonableness" of the fee request. *See, e.g.*, Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1135 (10th Cir. 2001) (§ 1447's reference to "actual expenses" does not relieve district court from examining reasonableness of number of hours worked and rate of pay); Beauford v. E.W.H. Group Inc., 09-CV-00066, 2009 U.S. Dist. LEXIS 94985, at *3-4 (E.D. Ca. Sept. 29, 2009) (employing lodestar method to calculate reasonable fee); Simenz, 544 F. Supp. 2d at 746-47 (multiplying hours reasonably expended by reasonable rate to arrive at "actual expenses"); Southwestern Bell Tel., L.P. v. Accutel of Tex., L.P., 05-CV-0292, 2005 U.S. Dist. LEXIS 13722 (N.D. Tx. July 11, 2005) (modifying fee request based on reasonableness factors). This Court will proceed to do so here.

**B.     Amount of Attorney Fees and Costs**

Defendants contend that, should this Court find Plaintiffs are entitled to attorney fees, the Court must apply the lodestar approach and reduce the amount requested.  As an initial matter, I note that the Second Circuit revised its approach to fee calculations prior to Defendants' filing of their opposition to the fee request.

**1.     Legal Standard**

Recently, in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,[2] the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts.  Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  In particular, the Circuit Court sought to reconcile the "lodestar" method[3] of determining fees (the product of the attorney's usual hourly rate and the number of hours worked, subject to adjustment based on case-specific considerations to arrive at a "reasonable fee"), with the method developed in Johnson v. Georgia Highway Express, Inc. (which considered twelve specific factors to arrive at the "reasonable fee").  Arbor Hill, 493 F.3d at 114.  "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.'"  Simmons, 575 F.3d at 174.

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to

---

[2]  493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)

[3]  The lodestar method was developed by the Third Circuit. Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), and is the method this Court previously employed.

5

calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citations and quotations omitted). After Arbor Hill, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118. To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. Finally, a district court must consider that a client may be able to negotiate with his or her attorneys, based on their desire for the reputational benefits that could accrue from association with the case. Arbor Hill, 493 F.3d 119.

Notwithstanding this shift from the "lodestar" approach, the presumptively reasonable fee is still to be determined by reference to the number of hours reasonably expended on a matter and the reasonable fee to be charged for those hours. *See generally*, Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009). Thus, the task still requires a

review of reasonably detailed time records as contemplated by New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

### 2. Calculating the Reasonable Hourly Rates

In determining a "reasonable hourly rate," the court should look to market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The court "may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community." Nike, Inc. v. Top Brand Co., 00-CV-8179, 2006 U.S. Dist. LEXIS 8381, *4-5 (S.D.N.Y. Feb. 24, 2006) (citing Miele v. N.Y. State Teamsters Conf. Pens. & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)).

For purposes of determining the reasonable hourly rate, "[t]he relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)). The Second Circuit recently reaffirmed and clarified this approach in Simmons, where it held that when determining an award of attorney's fees, there is "a presumption in favor of application of the forum rule," 575 F.3d at 175, such that courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee," id. at 174 (quoting Arbor Hill, 493 F.3d at 119).

Plaintiffs are represented by the local law firm of Connors & Vilardo LLP, and are

7

seeking attorney fees at the following hourly rates: $275 for work performed by the firm's two founding partners, $250 for other firm partners, and $200 for associates.

Defendants object to a rate of $200 for the two associates appearing in the billing records, one of whom had been admitted for two years at the outset of the case, and one of whom was an admission-pending recent law school graduate. As Defendants correctly note, a rate of $200 for attorneys of that level of experience is excessive in this District. This Court recently reviewed rates billed and awarded in this District and, based on that review, I find a rate of $150.00 per hour to be an appropriate rate for the associate billing.[4] Disabled Patriots of Am., Inc. v. Niagara Group Hotels LLC, 07-CV-284, 2010 U.S. Dist. LEXIS 9574, at *14-15 (W.D.N.Y. Feb. 2, 2010) (collecting cases and finding rates of $200-$240 for firm partners and $125-$175 for associates reflective of current market rates in community). Defendants further suggest that partner rates of $275 and $250 per hour also are higher than the prevailing market rate for lawyers of comparable skill and experience in this community. Again, I must agree, and find that rates of $250 for attorneys Connors (over 30 years of federal litigation experience) and Vilardo, and $200 for all other firm partners (e.g., James W. Grable, Jr. with 10 years' federal clerkship and litigation experience) are appropriate here.

In addition to the hours billed by Connors & Vilardo, that firm worked with co-counsel in Washington who are purported to have "extensive experience with the jurisdictional issues that sometimes arise during this particular type of litigation." (Docket No. 32 ¶ 14.)

---

[4] While an even lower hourly rate may have been appropriate at the outset of this case, I note that these same associates continued to work on the matter for three years. The $150 figure represents an appropriate average market rate for these associates over the course of their efforts.

Plaintiffs seek fees for Jonathan Lowy, a Senior Attorney for the Legal Action Project of the Brady Center to Prevent Gun Violence, who graduated law school in 1998 (seventeen years' experience at the outset of this case), and Elizabeth Haile, a staff counsel for that same entity, who graduated law school in 1999 (six years' experience). A rate of $250 is sought for attorney Haile's work in researching and drafting the remand motion, and a rate of $250 for attorney Lowy to review and edit same. Plaintiffs contend these billing rates are consistent with a reasonable rate in Western New York. I disagree and, consistent with the foregoing discussion, find a rates of $200 for attorney Lowy and $150 for attorney Haile to be appropriate here. In particular, while these attorneys may have expertise in the subject matter of the underlying litigation, their special knowledge does not appear to extend to remand motions, for which Ms. Haile billed thirteen hours of research time.

Although the removal issue clearly was contentious and time-consuming, questions regarding the propriety of removal and remand are not particularly novel or complex. I have considered all other factors contemplated in Arbor Hill and find that none warrants an upward adjustment to the rates prevailing in this District, as reflected in recent decisions.

    **3.**     **The Hours Reasonably Expended**

        a.     *Fees Associated with Appeal*

Defendants argue that the fees Plaintiffs incurred in opposing their appeal are not recoverable at all because Defendants prevailed on the appeal. Defendants' one-paragraph argument is devoid of analysis or supporting authority. This Court rejects Defendants' unsupported contention.

The purpose of § 1447's fee provision is to compensate plaintiffs for costs and expenses incurred "as a result of the removal." Fees and costs are incurred as a result of the removal if they (or similar fees and costs) would *not* have arisen had the case remained in state court. For example, had Plaintiffs responded in this Court to Defendant International Gun-A-Rama, Inc.'s Motion for Summary Judgment (Docket No. 48),[5] their fees and costs in doing so presumably would have replaced similar fees and costs incurred for dispositive motion practice in state court. In contrast, fees and costs incurred opposing Defendants' appeal, which sought vacatur of the District Court's remand order, are directly related to, and incurred only as a result of, the removal. Garbie, 211 F.3d at 411 (awarding fees for services in connection with removal, "which included extensive briefing, interrogatories, and *two requests for appellate review*" (emphasis added)); *see also*, Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997) (language of § 1447 limits awards to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court"); Baddie v. Berkeley Farms, 64 F.3d 487, 490 (9th Cir. 1995) (expenses relating to seeking a remand are a direct result of the removal); Simenz, 544 F. Supp. at 747 (granting costs and fees under § 1447(c) for seeking remand, but denying fees related to motion to dismiss and motion to strike); SRE-Cheaptrips, Inc. v. Netblue, Inc., 07-CV-49, 2007 U.S. Dist. LEXIS 65280, at *4-5 (D. Idaho Aug. 31, 2007) (same); Villas at the Ridge Condominium Council of Co-Owners, Inc. v. ID Investors Ltd., 08-CV-8001, 2008 U.S. Dist. LEXIS 47701 (D. Az. June 19, 2008) (awarding fees for work that

---

[5] The motion was filed in this District on the same date the Second Circuit's Mandate was filed. No briefing schedule was set and Plaintiffs did not respond to the motion prior to this Court's order remanding the case to state court.

clearly related to remand motion, and rejecting fees for work that related to merits of case irrespective of venue); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999) ("When evaluating a request for attorney fees under 28 U.S.C. § 1447(c), the Court must disallow hours which were not incurred solely in connection with the remand motion.").

Fees in connection with Plaintiffs' motion to remand and appellate review of this Court's remand order were incurred solely in connection with removal and, therefore, are recoverable to the extent they are otherwise reasonable.

### b. *Excessive, Redundant, or Unnecessary Hours*

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Feet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (*citing* Hensley, 461 U.S. at 437 n.12). The purpose of this requirement is to provide sufficient information so the court can audit the hours and determine whether they were reasonably expended. Anderson, 388 F. Supp. 2d at 165 (citations and quotation omitted).

In assessing whether attorney time was "reasonably expended," the Court also must ask whether the attorney exercised "billing judgment." As the Supreme Court has explained:

> counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly

billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citation and quotation marks omitted).

Defendants contend that counsels' time billed to researching, drafting, and finalizing the motion to remand appears duplicative. In particular, they point to 26.5 hours spent by the Brady Center attorneys to draft the motion, and 26.1 hours billed by Connors & Vilardo attorneys for "work on," "review," and "shepardizing" the Brady Center draft.

In response, Plaintiffs urge that their prior submissions "describe why the amount owed is reasonable" and they blame Defendants' "refusal to abandon an indefensible position" for elevating fees. (Docket No. 67 ¶ 7.) But neither Plaintiffs' reply nor their prior submissions explain the necessity for what clearly reads as a duplication of effort with regard to the remand motion—*e.g.*, 3 hours on 12/6/2005 for attorney Haile's (Brady Center) "caselaw research on statute of limitations for actions by crime victims," and 4 hours on 12/22/2005 for attorney Ippolito's (Connors & Vilardo) "research into statute of limitations for crime victims." Based on the billing records, the efforts on the motion to remand appear redundant. In light of the amount of work apparently required to finalize and file the Brady Center draft, I find it appropriate to disallow the 26.5 hours attributed to the Brady Center's research, drafting, and review.

Defendants next argue that the overall time spent on the motion to remand was excessive, and urge a further unspecified reduction in hours. The disallowed Brady Center time represents a reduction in hours of more than 27 percent. Absent further specifics from Defendants, this Court finds further reduction unwarranted.

12

### c. *Impermissibly Inadequate, Vague, or Overbroad Billing Records*

Defendants next argue that billing records from both the Brady Center and Connors & Vilardo are impermissibly vague, and fail to meet the level of specificity required by the Second Circuit. They urge a further reduction for this reason. Plaintiffs have not responded to the contention their billing is inadequate.

With regard to the Brady Center, I first note that most of its hours already are disallowed. For those that remain, I find that their entries, though succinct, sufficiently specify the nature of the work and the hours expended. Therefore, no further reduction is warranted. Likewise, the Connors & Vilardo billings are not, as Defendants would suggest, devoid of all detail. All entries include a date, the subject of the communication or work, and some explanation of how time was expended. Though more detail may have been welcome, the entries are not akin to those that courts in this Circuit have rejected as overly vague. *See* Sabatini v. Corning-Painted Post Area Sch. Dist., 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying percentage reduction for non-specific entries such as "hearing preparation," "prepare for hearing," "review records," "telephone conference with client," "prepare for discovery," etc.); In re Olson, 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (D.C. Cir. 1989) (disallowing entries that failed to identify the subject of a meeting, conference, or phone call); Grendel's Den v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984) ("in cases involving fee applications . . . the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award, or in egregious cases, disallowance").

Defendants go on to object to a total of 20 hours billed by Mr. Grable in two time

13

entries. They urge that, because he "block billed" his time, "one cannot tell how much time was spent on what activity." (Docket No. 66 at 14.) All of the time at issue relates to preparing reply papers in connection with the motion to remand. Defendants do not appear to object to the total time spent, but to the fact they cannot tell from the billing how much of that time was spent reviewing their response papers, researching, drafting, editing, and filing. Although block billing is disfavored, the entries are sufficient to permit this Court to assess the reasonableness of the time expended. Accordingly, no additional reduction is warranted on this basis.

In sum, the Court finds an appropriate fee award is:

| | | |
|---|---|---|
| Connors | 1.2 hours x $250 | $ 300.00 |
| Vilardo | 7.5 hours x $250 | $ 1,875.00 |
| Grable | 104.7 hours x $200 | $ 20,940.00 |
| Loss | 0.6 hours x $200 | $ 120.00 |
| Doyle | 23.5 hours x $200 | $ 4,700.00 |
| Harned | 120.2 hours x $150 | $ 18,030.00 |
| Ippolito | 22.6 hours x $150 | $ 3,390.00 |
| Lowy | 0.5 hours x $200 | $ 100.00 |
| Haile | 10.6 hours x $150 | $ 1,590.00 |
| **Total** | | **$51,045.00**[6] |

**4.   Costs**

In addition to their attorney fees, Plaintiffs seek to recover $10,927.39 purportedly

---

[6] The total amount sought for attorney fees was $72, 552.50.

incurred for: computer research, document reproduction, photocopies, postage, travel, and phone charges. Defendants object only to the charges for Westlaw computer research which, at $8,441.03, represent the bulk of the disbursements sought. Plaintiffs have not responded to this objection.

As this Court previously has noted, "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." Brigiotta's Farmland Produce & Garden Center, Inc., 05-CV-273, 2006 U.S. Dist. LEXIS 48004, at *28 (W.D.N.Y. Jul. 13, 2006) (quoting United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)); *see also*, King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 172 (E.D.N.Y. 2004) ("private market attorney fee rates reflect overhead costs like electronic research, just as they would reflect the cost of case reporters and other necessary books purchased for a law firm's library"). Accordingly, the Westlaw computer research charges are disallowed and Plaintiffs are entitled to costs in the amount of **$2,486.36**.

### III. CONCLUSION

For the reasons stated, this Court finds that Plaintiffs are entitled to recover attorneys' fees and costs in the amount of Fifty-three Thousand, Five Hundred, Thirty-one Dollars and Thirty-six Cents ($53,531.36).

### ORDER

IT HEREBY IS ORDERED that Plaintiffs' Application for Attorney Fees and Costs (Docket No. 32, supplemented by Docket No. 65) is GRANTED IN PART and DENIED IN

PART, and Plaintiffs are awarded $53,531.36 in fees and costs.


      SO ORDERED

Dated:      March 10, 2010
               Buffalo, New York

                                           <u>/s/William M. Skretny</u>
                                           WILLIAM M. SKRETNY
                                                 Chief Judge
                                           United States District Court