MANDATE

MANDATE ISSUED ON 04/15/2011

10-1339-cv (L)
Williams v. Beemiller, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

Present:   ROBERT A. KATZMANN,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*,

DANIEL WILLIAMS, EDWARD WILLIAMS,

                Plaintiffs-Appellees,

                - v -                    No. 10-1339-cv (L), 10-1599-cv (CON)

INTERNATIONAL GUN-A-RAMA, KIMBERLY UPSHAW, JAMES NIGEL BOSTIC, CORNELL CALDWELL, JOHN DOE TRAFFICKERS 1-10,

                *Defendants*,

BEEMILLER, INC., dba HI-POINT, CHARLES BROWN, MKS SUPPLY, INC.,

                *Defendants-Appellants*.*

---

   * The Clerk of the Court is directed to amend the caption as set forth above.

| | |
|---|---|
| For Plaintiffs-Appellees: | JAMES W. GRABLE, JR. (Terrence M. Connors, *on the brief*), Connors & Vilardo, LLP, Buffalo, N.Y.; Brady Center to Prevent Gun Violence Legal Action Project, Washington, D.C. |
| For Defendants-Appellants: | JEFFREY M. MALSCH (Anthony M. Pisciotti, Danny C. Lallis, *on the brief*), Pisciotti, Malsch & Buckley, P.C., White Plains, N.Y.; John F. Renzulli, Scott C. Allan, Renzulli Law Firm, LLP, White Plains, N.Y.; Scott L. Braum, Timothy R. Rudd, Scott L. Braum & Associates, Ltd., Dayton, Ohio; Thomas J. Drury, Hedwig M. Auletta, Damon Morey, Buffalo, N.Y. |

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Defendants-Appellants ("removing defendants") appeal from the March 10, 2010 order of the district court for the Western District of New York (Skretny, *C.J.*), awarding plaintiffs costs and fees following their successful motion to remand this action to state court. We assume the parties' familiarity with the facts and procedural history of the case.

Title 28, section 1447(c) of the United States Code provides that an order of remand to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court clarified the proper standard governing when such an award is warranted, holding that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed. *See, e.g.*, *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *accord Legg v.*

*Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). "Although we generally review a district court's award of attorney's fees for an abuse of discretion," questions of law are reviewed *de novo*. *U.S. Dep't of Justice, Tax Div. v. Hudson*, 626 F.3d 36, 38 (2d Cir. 2010). In the instant case, the objective reasonableness of removing defendants' basis for removal presents a legal question.

We turn first to the question of whether it was objectively unreasonable for removing defendants to rely on the exception for lack of constructive notice articulated in *Milstead Supply Co. v. Casualty Insurance Co.*, 797 F. Supp. 569 (W.D. Tex. 1992). *Milstead* carved out an exception to the general rule that co-defendants must consent to removal, *see, e.g.*, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring), in concluding that consent was only required from those served defendants "whom the removing defendant(s) actually knew or should have known had been served." *Milstead*, 797 F. Supp. at 573. Although a lack of constructive notice exception has been applied by numerous district courts, *see, e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088-89 (E.D. Cal. 2007); *Laurie v. Nat'l R.R. Passenger Corp.*, No. Civ.A 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001), this exception to the unanimous consent requirement has also been rejected by some district courts, *see, e.g.*, *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 225 (N.D.N.Y. 2001). However, this Court has not ruled on whether an exception for lack of constructive notice ought to apply, and accordingly there was no binding precedent to guide the instant removing defendants at the time of removal. We agree with the Seventh Circuit that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and "[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Accordingly, we

3

conclude that removing defendants were not objectively unreasonable to rely on those district court cases supporting application of a lack of constructive notice exception to the requirement that removing defendants must obtain consent to removal from all served co-defendants.[1]

However, that is not the end of our inquiry.  Although removing defendants were not objectively unreasonable to rely on a lack of constructive notice exception, we must nonetheless determine whether removing defendants lacked constructive knowledge of service on their co-defendants at the time of removal or were otherwise objectively reasonable to remove without consent.  It is undisputed that plaintiffs had not filed affidavits of service with the state court for served co-defendants when the case was removed on November 23, 2005.  Defendant Upshaw was served on November 22, 2005, approximately half an hour after the removal papers had been turned over to Federal Express for delivery to the court , and accordingly we conclude that removing defendants lacked constructive notice of her service prior to removal.  The case of defendant Bostic, who had been served on November 2, 2005, is not as easily resolved.

---

[1] Although not necessary to our resolution of the instant dispute, we are inclined to think that it would be appropriate to adopt an exception for lack of constructive notice that requires a removing defendant to exercise reasonable diligence to ascertain whether co-defendants have been served, but which excuses failure to obtain consent where such diligence is demonstrated. The parameters of reasonable diligence would be circumstance dependent.  In a case with few defendants, for example, a reasonably diligent defendant might be required to do more than merely monitor the docket for the filing of affidavits of service.  In a case with numerous and/or difficult to locate defendants, however, a removing defendant might not be required to attempt to contact each individual defendant to determine whether service had been effected.  The strict standard applied by the district court, with no exception for lack of constructive notice, could be subject to abuse by a plaintiff attempting to thwart a defendant's right to remove.  Although we do not suggest that plaintiffs in this case were attempting to frustrate removal, without such an exception, a plaintiff could either prevent removal entirely or make obtaining consent extremely burdensome by failing to file affidavits of service within the period for obtaining consent or by failing to properly identify the location of a defendant.  Such a result would risk infringing on defendants' "right to a federal forum" where the standards of the removal statute are met. *Martin*, 546 U.S. at 137.

Although the amended complaint did not provide an address for Bostic, thereby theoretically impeding removing defendants' ability to locate Bostic to determine whether he had been served and to seek his consent, it did identify — and the notice of removal itself indicates that removing defendants were aware — that Bostic was incarcerated at a Pennsylvania penitentiary. However, we need not resolve whether removing defendants ought to be charged with constructive notice of service on Bostic. Even assuming that they did have such notice, the thirty-day period in which to obtain his consent to removal had not run at the time of removal, and the removal could therefore have been procedurally proper had his consent been subsequently and timely obtained.[2] Accordingly, we conclude that removing defendants were not objectively unreasonable to have removed prior to obtaining consent from Upshaw and Bostic, and therefore the district court's award of costs and fees must be vacated.[3]

---

[2] The Second Circuit has not adopted a rule governing when the time to obtain consent to removal runs. The Fifth Circuit has adopted the so-called first-served rule, under which all served defendants must consent to removal "no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). The Fourth Circuit subsequently adopted an intermediate rule that requires removal within thirty days of service on the first defendant but permits subsequently served defendants thirty days from their service to consent, while the Sixth, Eighth, and Eleventh Circuits follow the last-served defendant rule, which allows each defendant to remove within thirty days of receiving service. *See Barbour v. Int'l Union*, – F.3d –, 2011 WL 242131, at *9-11 (4th Cir. 2011) (en banc) (discussing other circuits' positions and reaffirming the intermediate rule adopted in *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 926 (4th Cir. 1992)). We need not adopt a rule at this time, because under any of these rules, removing defendants had at least a week following removal to obtain Bostic's consent, which they ultimately failed to do.

[3] The question of whether the removing defendants were objectively reasonable to remove is an independent question from whether the removal itself was procedurally proper. In any event, the merits of the remand are not subject to our review. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 262 (2d Cir. 2008); *see also* 28 U.S.C. § 1447(d).

Because we conclude that the district court's fee award must be reversed, we need not reach defendants' remaining arguments. Accordingly, for the foregoing reasons, the order of the district court is **REVERSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit